USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/16/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                                :
MALIBU MEDIA, LLC,                       :
                              Plaintiff,    :
                                                 :
          -against-                         :
                                                 :         15 Civ. 6205 (LGS)
JOHN DOE, subscriber assigned IP address  :
50.74.2.178                                    :         **ORDER**
                                   Defendant.  :
                                                 :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

       Pursuant to Federal Rule of Civil Procedure 26(d)(1), Plaintiff Malibu Media, LLC ("Malibu") moves for leave to file a third-party subpoena on Defendant John Doe's Internet Service Provider, Time Warner Cable (the "ISP"). Specifically, Malibu seeks to serve a subpoena on the ISP in order to ascertain the identity of the John Doe defendant in this case.

       Plaintiff has satisfied the requirements for leave to serve a third-party subpoena on an expedited basis. When considering whether to grant a motion for expedited discovery prior to a Rule 26(f) conference, courts apply a "flexible standard of reasonableness and good cause." *Digital Sin, Inc. v. John Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012); *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326-27 (S.D.N.Y. 2005). Applying that standard confirms that Plaintiff is entitled to a subpoena. In particular, Plaintiff seeks only the true name and permanent address of John Doe, which are a limited set of facts that are highly specific in nature. Moreover, without this discovery, Plaintiff appears unable to ascertain the identity of John Doe or to effect service on him.

       There are, however, substantive concerns related to Defendant's privacy given both the nature of the copyrighted material at issue and the risk of a false identification by Defendant's

ISP.  *See Digital Sin, Inc. v. Does 1-27*, No. 12 Civ. 3873 (JMF), 2012 WL 2036035, at *3 (S.D.N.Y. June 6, 2012); *Malibu Media, LLC v. Does 1-5*, No. 12 Civ. 2950 (JPO), 2012 WL 2001968, at *1-2 (S.D.N.Y. June 1, 2012).  Plaintiff does not oppose allowing Defendant to proceed anonymously and states that it has a policy of not initiating settlement discussions prior to serving a Complaint on Defendant.  Accordingly, it is hereby:

**ORDERED** that Plaintiff's motion for leave to file a subpoena under Federal Rule of Evidence 45 on the ISP in order to obtain Defendant's name and address is GRANTED.  Plaintiff is <u>not</u> permitted to subpoena the ISP for Defendant's email address or telephone number.  It is further

**ORDERED** that Defendant may proceed anonymously as John Doe unless and until the Court orders otherwise.  It is further

**ORDERED** that Plaintiff shall not initiate settlement discussions prior to service of the Complaint without leave of Court.  Nevertheless, if Defendant initiates such discussions, Plaintiff is permitted to participate and settle the case.  It is further

**ORDERED** that the ISP shall have **60 days** from the date of service of the subpoena upon it to serve upon Defendant a copy of the subpoena, a copy of this Order, and a copy of the "Notice to Defendant" attached hereto as Exhibit A.  This Order should be attached to the "Notice to Defendant" such that the "Notice of Defendant" is the first page of the materials enclosed with the subpoena.  The ISP may serve Defendant using any reasonable means, including written notice sent to his or her last-known address, transmitted either by first-class mail or via overnight service.  It is further

**ORDERED** that Defendant shall have **60 days** from the date of service of the subpoena and this Order upon him to file any motions with this Court contesting the subpoena (including a

motion to quash or modify the subpoena).  The ISP **may not** turn over Defendant's identifying information to Plaintiff before the expiration of this 60-day period.  Additionally, if Defendant or the ISP files a motion to quash or modify the subpoena, the ISP **may not** turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISP to resume turning over the requested discovery.  It is further

**ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely filed motion to quash.  It is further

**ORDERED** that the ISP receiving a subpoena pursuant to this Order shall confer with Plaintiff, and shall not assess any charge in advance of providing the information requested in the subpoena.  If the ISP receives a subpoena and elects to charge for costs of production, it shall provide a billing summary and cost report to Plaintiff.  It is further

**ORDERED** that any information ultimately disclosed to Plaintiff in response to the subpoena may be used solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint.  It is further

**ORDERED** that Plaintiff shall file a status letter with the Court by October 16, 2015.

The Clerk of Court is directed to close Docket Number 9.

SO ORDERED.

Dated: September 16, 2015
       New York, New York

                                           LORNA G. SCHOFIELD
                                      UNITED STATES DISTRICT JUDGE

# EXHIBIT A

# Notice to Defendant

1. You are a defendant in *Malibu Media, LLC v. John Doe*, 15 Civ. 6205 (LGS), a case now pending before the Honorable Lorna G. Schofield, United States District Judge for the Southern District of New York.

2. Attached is Judge Schofield's Order, dated September 16, 2015, setting forth certain deadlines and procedures related to this case.

3. You may hire a lawyer to represent you in this case or you may proceed *pro se* (that is, you may represent yourself without the assistance of a lawyer). If you choose to proceed *pro se*, all communications with the Court should be through the *Pro Se* Office of the United States District Court for the Southern District of New York. The *Pro Se* Office is located in Room 200 of the United States Courthouse, 500 Pearl Street, New York, New York 10007, and may be reached at (212) 805-0175.

4. The plaintiff in this case has filed a lawsuit claiming that you have illegally downloaded and/or distributed copyrighted material on your computer.

5. The plaintiff may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. The plaintiff has filed subpoenas requesting your identity and contact information from your Internet Service Provider ("ISP").

7. If you do not want your ISP to provide this information to the plaintiff and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the subpoena. This must be done within **60 days** of the date that you receive notice from your ISP that you are a defendant in this case.

8.     If you move to quash the subpoena or otherwise move to prevent your name from being turned over to the plaintiff, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will have to complete an information card that you can obtain from the *Pro Se* Office of the Court.  This information is solely for use by the Court and the Court will not provide this information to lawyers for the plaintiff unless and until it determines there is no basis to withhold it.  The Court requires this information so that it may communicate with you regarding this case.

9.     Even if you do not file a motion to quash or modify the subpoena, you may still proceed anonymously in this case at this time.  This means that the Court and the plaintiff will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

10.    If you want to proceed anonymously without filing a motion to quash or modify the subpoena, you (or, if represented, your lawyer) should provide a letter to the Court, copying the plaintiff, stating that you would like to proceed anonymously in your case.  This must be done within 60 days of the date you received notice from your ISP that you are a defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.